THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL SERRANO, Also Known as JOSE GONZALEZ, Appellant.— Judgment, Supreme Court, New York County, rendered on August 16, 1972, convicting defendant, upon his plea of guilty, of robbery in the third degree and sentencing him to an indeterminate period of imprisonment not to exceed five years, unanimously reversed on the law, the facts and in the exercise of discretion and matter remanded to the Justice who imposed sentence for further processing, in accordance with this memorandum. Defendant, who was charged with robbery in the first degree, possession of a weapon, assault in the second degree and other related crimes, was permitted to plead guilty to robbery in the third degree to cover the indictment. Before accepting defendant's plea the court expressed its desire to place defendant in the Daytop Village Narcotics treatment program, as follows: "you also understand that even though I told Mr. Castelli [defense counsel] and Mr. Corriero (asst. D.A.] that I would like to put you into the Daytop program that *if you don't work out there* and you come back here, you can still go to jail, understand that? Defendant: Yes, sir. The Court: So it's going to be up to you; if I take your plea, *the program don't work* out, you're facing up to seven years in jail, understand that? Defendant: I understand . . . The Court: Other than what I told you I'll parole you to Daytop House and *if it works out you'll* be sentenced to a program of probation, there is no other promise I make to you; *if it don't work out you're going to jail,* understand that? Defendant: Yes, sir. I understand." (Emphasis added.) Defendant's plea was accepted and he was paroled in the custody of Daytop Village, pending sentence, which was adjourned for two months. At the time of sentencing the court reviewed a letter from Daytop Village, as well as defendant's probation report, and stated: "I am fully aware that this defendant was paroled by me to Daytop Village. *I'm satisfied by reading the rather oblique references to some of his behavior there,* that however well-intentioned the facility is, they are dealing with a man who has violent habits and a man in whom, in my judgment, a period of incarceration is not unwarranted." It then proceeded to impose the sentence above indicated. We have reviewed the probation report and the letter which was before the sentencing court and cannot conclude therefrom that the Daytop Village treatment program was not making progress. We fail to find anything contained therein which shows that the defendant did not "work out there". We are constrained, therefore, to reverse and remand this matter for further consideration by the sentencing court in the hope that a record may be made, clearly demonstrating the facts which led the court to conclude that the defendant did "not work out there". There was a definite commitment made to the defendant by the court at the time his plea was entered, and, unless facts are established which show that the defendant failed to keep

his end of the bargain, the court should adhere to the commitment. Concur — Markewich, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.